UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI KUCUK, *on behalf of themselves and all other persons similarly situated,*<br><br>                    Plaintiffs,<br><br>-against-<br><br>KIRAT GAS INC. D/B/A SUNOCO GAS STATION, BERKSHIRE VALLEY GAS INC D/B/A LUKOIL., CHARANJOT SINGH,<br><br>                    Defendants. | Case No.:<br><br>**<u>COMPLAINT</u>**<br><br>**<u>COLLECTIVE ACTION</u>** |

The Plaintiff, ALI KUCUK, on behalf of himself and all others similarly situated, by his attorneys of record, Sacco & Fillas, LLP, complaining of KIRAT GAS INC. D/B/A SUNOCO GAS STATION, BERKSHIRE VALLEY GAS INC D/B/A LUKOIL., CHARANJOT SINGH, (Collectively, "Defendants"), respectfully alleges, upon information and belief, as follows:

## 1.   <u>NATURE OF THE COMPLAINT</u>

1.        This is a wage and hour action. Plaintiffs seek to recover unpaid minimum and overtime wages, statutory and liquidated damages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New Jersey wage and hour law.

## II. <u>JURISDICTION</u>

2.        This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the N.J.S.A. § 34:11-56a, et seq.

3.        This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

## III. <u>VENUE</u>

4.        Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Defendant

1

KIRAT GAS INC. D/B/A SUNOCO GAS STATION, is located and operated by Defendants in the District of New Jersey at 75 Hamburg Turnpike, Riverdale, New Jersey 07457.

5.  Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL, is located and operated by Defendants in the District of New Jersey at 3729 U.S. 1, Princeton, New Jersey 08540.

6.  The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the State of New Jersey.

## 2.  PARTIES

### 2.1.  Plaintiff ALI KUCUK

7.  Plaintiff, ALI KUCUK, worked for Defendants from approximately November 1, 2022, to approximately September 30, 2024.

8.  Plaintiff, ALI KUCUK was ostensibly titled "Gas Pump," and his job duties included pumping gas as well as cleaning, stocking, and cashier work, among other tasks.

9.  Plaintiff, ALI KUCUK, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

### 2.2.  Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION

10.  Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION Entity ID # 0450564806, incorporated on November 10, 2020, is a New Jersey domestic business corporation, licensed to do business and doing business in the State of New Jersey as a retail store.

11.  Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION maintains its business and principal executive office address at 75 Hamburg Turnpike, Riverdale, New Jersey 07457.

12.  Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION is an "enterprise

2

engaged in interstate commerce" within the meaning of the FLSA.

13.	Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.	Upon information and belief, in the three years preceding the filing of this Complaint, KIRAT GAS INC. D/B/A SUNOCO GAS STATION has had an annual gross volume of sales in excess of $500,000.00.

15.	Upon information and belief, Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION is still an active business as an ongoing concern.

16.	At all times alleged herein, Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION was Plaintiff's employer within the meaning of the FLSA and N.J.S.A. Defendant KIRAT GAS INC. D/B/A SUNOCO GAS STATION had power to hire and fire Plaintiff, set Plaintiff's work schedules, direct, and supervise Plaintiff in his work, set Plaintiff's amount, rate and method of payment, and maintain payroll records concerning Plaintiff.

### 2.3. Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL

17.	Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL Entity ID # 0451072318, incorporated on January 16, 2024, is a New Jersey domestic business corporation, licensed to do business and doing business in the State of New Jersey as a retail store.

18.	Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL maintains its business and principal executive office address at 3729 U.S. 1, Princeton, New Jersey 08540.

19.	Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20.	Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL has employees

engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     Upon information and belief, in the three years preceding the filing of this Complaint, BERKSHIRE VALLEY GAS INC D/B/A LUKOIL has had an annual gross volume of sales in excess of $500,000.00.

22.     Upon information and belief, Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL is still an active business as an ongoing concern.

23.     At all times alleged herein, Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL was Plaintiff's employer within the meaning of the FLSA and N.J.S.A. Defendant BERKSHIRE VALLEY GAS INC D/B/A LUKOIL had power to hire and fire Plaintiff, set Plaintiff's work schedules, direct, and supervise Plaintiff in his work, set Plaintiff's amount, rate and method of payment, and maintain payroll records concerning Plaintiff.

### 2.4.  Defendant CHARANJOT SINGH

24.     Defendant CHARANJOT SINGH ("SINGH") is the owner of Defendants KIRAT GAS INC. D/B/A SUNOCO GAS STATION and BERKSHIRE VALLEY GAS INC. D/B/A LUKOIL.

25.     Upon information and belief, the residential address of SINGH is 334 James Way, Wyckoff, New Jersey 07481.

26.     Defendant SINGH hired Plaintiff, participated in paying Plaintiff, determined Plaintiff's rate of pay, set Plaintiff's work schedules, supervised Plaintiff's work, and had the authority to terminate Plaintiff.

27.     Defendant SINGH maintained payroll records and participated in determining the amount, rate, and method of payment for Plaintiff.

28.     Defendant SINGH exercised sufficient control over the operations and business decisions of Defendants KIRAT GAS INC. D/B/A SUNOCO GAS STATION and BERKSHIRE VALLEY GAS INC. D/B/A LUKOIL to be considered Plaintiff's employer under the FLSA and N.J.S.A.

29.     At all times alleged herein, Defendant SINGH was Plaintiff's employer within the meaning of the FLSA and New Jersey Wage and Hour Law / N.J.S.A.

## 3.  COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff KUCUK brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

31.     The FLSA Collective consists of approximately employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

32.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and N.J.S.A. This pattern, practice, and/or policy includes, inter alia, the following:

33.     failing to keep accurate records of hours worked by the FLSA Collective as required by law; and,

34.     failing to pay the FLSA Collective minimum and overtime pay for all hours worked over forty.

35.     Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

5

36.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

37.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Babylon Carriage House and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## 4.  FACTUAL ALLEGATIONS

38.    SUNOCCO and LUKOIL GAS STATIONS Food was open for business 24 hours per day.

39.    Defendants had a total of approximately three (3) employees.

40.    Upon information and belief, Defendants maintain a business account with Valley Bank.

41.    Defendants employed Plaintiff KUCUK from approximately November 1, 2022, to September 30, 2024.

42.    Defendants employed Plaintiff KUCUK to clean the bathrooms of the business.

43.    Defendants employed Plaintiff KUCUK to undertake store shopping for the business.

44.    Defendants employed Plaintiff KUCUK to operate the cash register of the business.

45.    Defendants employed Plaintiff KUCUK to provide filling gas to vehicles and related services.

46.    Defendants employed Plaintiff KUCUK as a grocery organizer.

47.    Defendants employed Plaintiff KUCUK as a business cleaner.

48.    Plaintiff worked seven days per week, from approximately 7:00 A.M to 8:00 P.M.

6

from Mondays through Friday, and approximately 10:00 A.M. to 8:00 P.M. on Saturdays and Sundays.

49. Plaintiff was paid a fixed weekly sum of approximately $605.20 by check and approximately $585 in cash, a total fixed salary sum of approximately $1,190.20 per week.

50. Plaintiff's pay rates did not change depending on the number of hours worked.

51. Plaintiff's pay did not increase if Plaintiff worked more hours.

52. Plaintiff's pay rate did not change depending on the number of hours worked.

53. Plaintiff was not paid overtime at a rate of 1.5 times the regular rate for hours worked more than 40 per week.

### 4.1. Recordkeeping Violations

54. Defendants did not keep accurate records of the number of hours Plaintiff worked each day.

55. Defendants did not keep accurate records of the number of hours Plaintiff worked each week.

56. Defendants did not keep accurate records of the arrival and departure by Plaintiff for each shift.

57. Defendants did not keep accurate records of the regular wages Plaintiff earned.

58. Defendants did not keep accurate records of the overtime wages Plaintiff worked each day.

59. Plaintiff was not provided with any records of hours worked.

60. Defendant failed to provide a notice of pay rate with all information required by State and Federal law.

61. Defendant failed to provide a wage statement as required by State and Federal law.

62. Defendant failed to keep payroll records of time worked and wages paid as required

7

by the New Jersey Administrative Code § 34:11-56a, et seq. ("N.J.S.A.").

63.     Defendant failed to post required notices / Minimum Wage Posters as required by the N.J.S.A.

64.     Defendant did not keep accurate records of the number of hours Plaintiff worked each day.

65.     Defendant did not keep accurate records of the number of hours Plaintiff worked each week.

66.     Defendant did not keep accurate records for the time of arrival and departure of Plaintiff for each shift.

67.     Defendant did not keep accurate records of the regular wages earned by Plaintiff.

68.     Defendant did not keep accurate records of the overtime wages earned by Plaintiff.

69.     Defendant did not provide Plaintiff with any documents requiring Plaintiff's executed signature to receive payment.

## 5.  FIRST CLAIM – New Jersey Wage and Hour Law – Unpaid Minimum Wages

70.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

71.     The New Jersey State Wage and Hour Laws and Regulations, ("N.J.S.A."), 34:11-56a25 requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

72.     Defendants are Plaintiff's employers within the meaning of the N.J.S.A.

73.     Defendants failed to pay Plaintiff and other similarly situated employees the minimum wages to which they were entitled to under the N.J.S.A. and its supporting regulations.

74.     Defendants willfully violated the N.J.S.A. by knowingly and intentionally failing to pay Plaintiff the correct minimum hourly wage.

75.     As a result of Defendants' violations of the N.J.S.A., Plaintiff and other similarly

situated employees are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**6.   SECOND CLAIM – Fair Labor Standards Act – Unpaid Minimum Wage**

76.   Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

77.   Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

78.   Defendants were required to pay to Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

79.   Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

80.   Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

81.   As a result of defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**7.   THIRD CLAIM - New Jersey Wage and Hour Law - Unpaid Overtime Wages**

82.   Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

83.   Under New Jersey Wage and Hour Law ("N.J.S.A."), 34:11-56a-34:11-56a30, Defendants were required to pay Plaintiff and other similarly situated employees one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

84.   Defendants failed to pay Plaintiff and other similarly situated employees the overtime

9

wages to which they were entitled to under the N.J.S.A. and its supporting regulations.

85.     Defendants willfully violated the N.J.S.A. and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

86.     Due to Defendants' willful violations of the N.J.S.A., Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

## 8.   FOURTH CLAIM - Fair Labor Standards Act - Unpaid Overtime Wages

87.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88.     Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 and 1/2) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

89.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

90.     Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

91.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

92.     Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## 9.   FIFTH CLAIM – New Jersey Wage and Hour Law – Unpaid Wages

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

94. At all relevant times, Defendants employed Plaintiff within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

95. At all relevant times, Defendants failed to pay Plaintiff wages for all hours worked in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

96. Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

97. As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants unpaid wages, liquidated damages, interest, reasonable attorney's fees, as well as costs and disbursements of this action, pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

## 10. <u>SIXTH CLAIM – New Jersey Wage and Hour Law – Failure to Provide Wage Statements</u>

98. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

99. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing, among other information, the dates of work covered by that payment of wages, Plaintiff's regular and overtime rates of pay, and the number of regular and overtime hours worked, in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A.

11

34:11-56a, et seq.

100.    Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

101.    As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants a penalty pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

## 11. <u>SEVENTH CLAIM – New Jersey Wage and Hour Law – Failure to Provide Hiring Notices</u>

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

103.    Defendants failed to furnish Plaintiff at the time of hiring with a notice stating their rights as an employee under the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

104.    Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

105.    As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants a penalty pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

**12. <u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

a. Declaring that Defendants have violated the New Jersey Wage and Hour Law ("NJWHL"), Fair Labor Standards Act ("FLSA"), New Jersey Wage Payment Law ("NJWPL"), and New Jersey Wage Theft Law by failing to pay minimum wages, overtime wages, and all wages owed; failing to provide accurate wage statements; and failing to provide proper hiring notices;

b. Awarding Plaintiff and all similarly situated employees;

c. Unpaid minimum wages, overtime wages, and all other wages owed under the NJWHL, FLSA, and NJWPL;

d. Liquidated damages pursuant to the NJWHL, FLSA, NJWPL, and New Jersey Wage Theft Law;

e. Statutory penalties for Defendants' failure to provide wage statements and hiring notices pursuant to the NJWPL and New Jersey Wage Theft Law;

f. Awarding pre-judgment and post-judgment interest as provided by law;

g. Awarding Plaintiff reasonable attorneys' fees, costs, and disbursements of this action pursuant to the NJWHL, FLSA, NJWPL, and New Jersey Wage Theft Law;

h. Granting such other relief as the Court deems just, equitable, and proper.

**13. <u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff ALI KUCUK, demands a trial by jury in this action.

Dated: Astoria, New York
        January 22, 2025

Respectfully submitted,

By: _____*/s/Clifford Tucker*_____
      Clifford Tucker, Esq.
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor,
Astoria, NY 11102
Ph: 718-269-2243
CTucker@SaccoFillas.com

14

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New Jersey Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Asgari ücret, fazla mesai, çalışma saatlerinin dağılımı, bahşişler, yasal ve nakdi zararlar, avukatlık ücretleri, maliyetler, faizler ve bana borçlu olunan diğer meblağlar dahil ancak bunlarla sınırlı olmamak üzere ödenmemiş ücretlerin geri alınmasına yönelik bir davada taraf davacı olmayı kabul ediyorum. ve federal Adil Çalışma Standartları Yasası, New Jersey İş Yasası ve uygulama yönetmelikleri ve ücret emirleri kapsamındaki diğer benzer konumdaki çalışanlar.

İşbu belge ile Sacco & Fillas LLP'ye, gerekli olabilecek davalar da dahil olmak üzere, sahip olabileceğim her türlü iddiayı takip etme yetkisi veriyorum ve burada bir davacı olmayı ve bu dava veya karara ilişkin herhangi bir uzlaşmaya bağlı kalmayı kabul ediyorum, kabul ediyorum ve tercih ediyorum. mahkeme.

.

Name/ Nombre: _Ali Kucuk_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ Firma: _____    Date/ Fecha: ___10 / 01 / 2024___